1
2
3
4
5
6
7                         UNITED STATES DISTRICT COURT
8                       SOUTHERN DISTRICT OF CALIFORNIA
9
10   LOUISE KAHLER,                          )     Civil No. 08cv2405-L(WMc)
                                             )
11                 Plaintiff,                )
                                             )     **ORDER REMANDING ACTION TO**
12   v.                                      )     **STATE COURT**
                                             )
13   VANTEX MORTGAGE GROUP, INC.,            )
     *et al.*,                               )
14                                           )
                   Defendants.               )
15                                           )
                                             )
16   ─────────────────────────────────      )

17        Defendants filed a notice of removal, removing this negligence, fraud, breach of contract

18   and unfair business practice action from state court.  The notice of removal is based on 28

19   U.S.C. §§ 1441 and 1331.  Because the court lacks subject matter jurisdiction, the action is

20   remanded to state court.

21        The federal court is one of limited jurisdiction.  *See Gould v. Mutual Life Ins. Co. of N.Y.*,

22   790 F.2d 769, 774 (9th Cir. 1986).  It possesses only that power authorized by the Constitution

23   or a statute.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  It is

24   constitutionally required to raise issues related to federal subject matter jurisdiction, and may do

25   so *sua sponte*.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus.*

26   *Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

27        "Any civil action of which the district courts have original jurisdiction founded on a claim

28   or right arising under the Constitution, treaties or laws of the United States shall be removable

08cv2405

1  without regard to the citizenship or residence of the parties."  28 U.S.C. § 1441(b).

2         The Court has consistently interpreted jurisdictional statutes with an "arising
       under" qualification . . . as "giv[ing] the lower federal courts jurisdiction to hear,
3      originally or by removal from a state court, only those cases in which a
       well-pleaded complaint establishes either that [1] federal law creates the cause of
4      action or that [2] the plaintiff's right to relief necessarily depends on resolution of a
       substantial question of federal law."
5

6  *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement*,

7  524 F.3d 1090, 1100 (9th Cir. 2008) quoting *Franchise Tax Bd. v. Constr. Laborers Vacation*

8  *Trust*, 463 U.S. 1, 27-28 (1983); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547

9  U.S. 677, 690 (2006).

10        "The burden of establishing federal jurisdiction is on the party seeking removal, and the

11  removal statute is strictly construed against removal jurisdiction."  *Nishimoto v.*

12  *Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).  "Federal jurisdiction

13  must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v.*

14  *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

15        Although Defendants cite to the complaint, review of the complaint does not bear out the

16  claim of federal question jurisdiction.  Defendants claim the court has original jurisdiction over

17  this action under 28 U.S.C. § 1331 because "Plaintiff has specifically pled claims for relief

18  arising under federal disclosure laws, the Fair Debt Collection Practices Act, FDIC §§ 226.18(d)

19  and 226.23(h), 24 CFR 3500.8(4), and 18 U.S.C. § 1001(a)(2)."  (Notice of Removal at 2.)

20        Plaintiff alleges claims under California common and statutory law for declaratory relief,

21  injunctive relief, accounting, fraud, rescission, breach of fiduciary duty, interference with

22  contractual relations, breach of the covenant of good faith and fair dealing, reformation of

23  unconscionable contract, and unfair and unlawful business practice.  (Notice of Removal Ex. A.)

24  The only reference to federal law is in the tenth cause of action for unfair and unlawful business

25  practice, which alleges violations of California Business and Professions Code Section 172000.

26  (*Id.* at 14.)  As some of the alleged unlawful, unfair and/or fraudulent business practices,

27  Plaintiff alleges violations of certain federal regulations: "[f]ailure to comply with FDIC sections

28  226.18(d) & 226.23(h)," "[v]iolation of 24 CFR 3500.8(4)," "[v]iolation of 18 USC Section

1001(a)(2)," and "[f]ailing to comply with FDIC requirements." (*Id.*)  Such allegations are not sufficient for a claim or right to arise under the laws of the United States as required by 28 U.S.C. § 1441(b).

"[F]or a state law claim to provide a basis for federal jurisdiction, the state law claim must 'turn on substantial questions of federal law,' and 'really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law.'" *Williston Basin Interstate Pipeline*, 524 F.3d at 1102 quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Plaintiff alleged more than eleven different acts on which she based the unfair business practice claim.  (Compl. at 14.)  As to four of them, Plaintiff alleged that Defendants failed to comply with certain federal laws and regulations.  (*Id.*)  However, neither the complaint nor Defendants' notice of removal provide any indication that the unfair business practice claim involves a dispute or controversy regarding the validity, construction or effect of federal law.

Based on the foregoing, Defendants failed to meet their burden of establishing federal jurisdiction.  This action is therefore **REMANDED** to the San Diego County Superior Court.

**IT IS SO ORDERED.**

DATED:  January 7, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, Jr.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

08cv2405